1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DA LI DEVELOPMENT USA LLC,

                    Plaintiff,

        v.

DONALD GAUBE et al.,

                    Defendants.

CASE NO. C24-00561-KKE

ORDER ON MOTIONS

Defendants filed a motion to dismiss for lack of subject matter jurisdiction, citing inconsistent statements by Plaintiff Da Li Development LLC ("Da Li") concerning the citizenship of its sole member in its corporate disclosure statements. *See* Dkt. No. 13. Rather than respond to the motion to dismiss, Da Li filed a motion for leave to file a second amended complaint, in order to clarify its citizenship and that of Defendants. *See* Dkt. No. 16. As detailed below, Plaintiff's motion is granted and Defendants' motion is denied.[1]

## I.  BACKGROUND

Da Li's first Rule 7.1 corporate disclosure statement provides that Da Li has "one individual governor, Kai-an Hsieh, who is a citizen of the United States." Dkt. No. 5 at 1. The Court ordered Da Li to file "a supplemental disclosure statement that identifies the name and state citizenship of each individual or entity whose citizenship is attributable to Da Li." Dkt. No. 6 at

---

[1] Defendants have also filed a motion for Rule 11 sanctions, which is not yet ripe. Dkt. No. 22.

2.  Da Li then filed a supplemental disclosure stating it "has one individual owner/member, Kai-an Hsieh," and that "Mr. Hsieh is domiciled in Taiwan."  Dkt. No. 7 at 1.  In their motion, Defendants argue that that these two disclosures, taken together, could indicate Mr. Hsieh is a "stateless" United States citizen, which would destroy diversity jurisdiction in this case.  *See* Dkt. No. 13 at 7-8.

## II.   DISCUSSION

### A.   Da Li's Motion for Leave to File a Second Amended Complaint is Granted.

Da Li seeks leave to file an amended complaint to specifically plead that its sole member, Kai-an Hsieh, is a citizen of Taiwan, and therefore Da Li is a citizen of Taiwan, such that this Court has diversity jurisdiction.  Dkt. No. 16 at 2–3.  Da Li likewise seeks to plead that Defendants are citizens of California or Florida.  *Id.* at 3.  Defendants argue Da Li's motion should be denied as futile because it does not formally correct Da Li's "prior representations in its corporate disclosure statements."  Dkt. No. 18 at 4.

Under Federal Rule of Civil Procedure 15(a)(2), "[t]he court should freely give leave" to amend a complaint "when justice so requires."  However, "[l]eave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility."  *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989).  An attempt to amend a complaint "is futile when 'no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.'"  *Missouri ex. Rel Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (citing *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988), overruled on other grounds by *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Because Da Li's proposed amendment would clarify the citizenship of its sole member, amendment would not be futile.  As such, and because this litigation is in its early stages, the Court finds justice requires granting Da Li's motion for leave to amend.

**B.    Defendants' Motion to Dismiss is Denied.**

Defendants' motion to dismiss for lack of subject matter jurisdiction turns on the inconsistent statements in Da Li's corporate disclosure statements.  *See* Dkt. No. 13.  Da Li did not respond to Defendants' motion to dismiss, but instead filed the pending motion to amend.  Dkt. No. 17 at 2; Dkt No. 16.  Because the amended complaint will presumably cure the basis for Defendants' motion to dismiss, the motion is denied without prejudice as moot.

### III.   CONCLUSION

For the reasons stated above, the Court ORDERS as follows:

1) Plaintiff's motion for leave to amend is GRANTED.

2) Defendants' motion to dismiss is DENIED without prejudice as moot.

3) Plaintiff is ORDERED to file an amended corporate disclosure statement that clearly identifies both the citizenship and domicile of its sole member, Kai-an Hsieh, as of the date the complaint was filed.


Dated this 5th day of September, 2024.

Kymberly K. Evanson
United States District Judge